## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 2:22-cv-00127-GZS |
| | ) | |
| JEFFREY PORTER, in his personal & | ) | |
| professional capacities as Superintendent of | ) | |
| MSAD 51, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON MOTION TO DISMISS

Before the Court is the Motion to Dismiss (ECF No. 6) by Defendants Maine School Administrative District # 51 ("MSAD 51") School Board, MSAD 51 School Board Members, Superintendent Jeffrey Porter and Board Member Ann Maksymowicz (together, the "MSAD 51 Defendants"). Having considered the parties' submissions made in connection with the Motion (ECF Nos. 7-9),[1] the Motion is GRANTED.

## I.   LEGAL STANDARD

When reviewing a motion to dismiss a *pro se* complaint, the Court is required to "interpret the *pro se* complaint liberally." Sause v. Bauer, 138 S. Ct. 2561, 2563 (2018). Nonetheless, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In evaluating whether a complaint states a plausible claim, [the Court] perform[s] [a] two-step analysis." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (internal quotation marks

---

[1] The Court notes that it has considered Plaintiff's Sur-Reply (ECF No. 9) despite the fact that it was improperly filed without leave.

omitted) (quoting Cardigan Mtn. Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)).  First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."  Morales-Cruz v. University of P.R., 676 F.3d 220, 224 (1st Cir. 2012) (citing Iqbal, 556 U.S. at 678).  Second, the Court "must determine whether the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Iqbal, 556 U.S. at 678).  "This standard is 'not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"  Saldivar, 818 F.3d at 18 (quoting Iqbal, 556 U.S. at 678).  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."  Squeri v. Mount Ida Coll., 954 F.3d 56, 66 (1st Cir. 2020) (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)).

In accordance with this standard, the Court describes the relevant allegations gleaned from Plaintiff's *pro se* Complaint in the following section.

## II.    THE COMPLAINT

In 2020, Plaintiff Michael Doyle, who identifies himself as a reporter and a veteran, attended a meeting of the MSAD 51 School Board and "used his public forum time" to recite the Pledge of Allegiance.  (Compl. (ECF No. 1), PageID #s 5 & 7.)  MSAD 51 School Board Member Ann Maksymowicz "chose to remain seated," which Doyle found "insulting and conspicuously offensive."  (Id., PageID # 5.)

In response, Doyle designed and posted a sign opposing Maksymowicz's reelection. Maksymowicz thereafter replicated the format of Doyle's sign and "converted it to a sign supporting her reelection."  (Id.)  Following this incident, Doyle stated that he "predict[ed] that

2

something of Ann's will be stolen and destroyed so that she can't get it back. The question will be, how long after the item is stolen, like she stole my sign format, before she knows it's missing." (Id.) He claims that Maksymowicz later "falsely implied," during her testimony to a committee of the Maine Legislature on L.D. 1939, that Doyle threatened her.[2]

At some point, Doyle also placed a sign "on the school fence" where another sign supporting the MSAD 51 School Board had been hung. Doyle's sign was removed by an MSAD 51 employee. Thereafter, Doyle received a criminal trespass warning. (Id., PageID # 7.)

On an unspecified date, local police arrested Doyle while he attempted to attend a public MSAD 51 School Board meeting. (Id.) Upon his arrest, he suffered a cardiac episode that required him to be rushed to the hospital, resulting in various medical expenses. (Id.)

On February 22, 2022, the local Chief of Police, Charles Rumsey,[3] served Doyle with a summons for harassment of Maksymowicz in violation of 17-A M.R.S.A. § 506-A. (Id., PageID # 4.) Beyond this specific allegation, Doyle also claims that the Cumberland Police Department fingerprinted him twice and served him with a notice barring him from school grounds because of "a series of complaints" by Maksymowicz. (Id., PageID # 7.) According to Doyle, the notice "was subsequently withdrawn by the Chief and cancelled by email." (Id., PageID # 8.)

## III.   DISCUSSION

Invoking 42 U.S.C. § 1983, Plaintiff's Complaint presses four counts as to all Defendants: (1) "Violation of Plaintiff's 4th Amendment Rights," which references the summons he received; (2) "Violation of Plaintiff's . . . 5th and 14th Amendment Rights," under which Doyle asserts a

---

[2] Although the Complaint makes only a passing reference to L.D. 1939, the Court takes judicial notice of the fact that a bill titled "An Act to Protect School Administration Officials from Harassment and Abuse" was introduced in the Maine Legislature in January 2022 and labeled "L.D. 1939." See L.D. 1939 (130th Me. Legis. 2022).

[3] As noted in Defendants' Motion, while Plaintiff's Complaint refers to "Rummsey," the correct spelling is "Rumsey." Chief Rumsey is also named as a Defendant in the Complaint but is not one of the movants on the pending Motion to Dismiss.

deprivation of due process associated with the removal of his sign from the school fence as well as his other police contacts; (3) "Intentional Infliction of Emotional Distress," which references the incident in which Doyle was handcuffed and then required emergency medical care; and (4) "Malicious Prosecution." (Id., PageID #s 8-20.) The MSAD 51 Defendants seek dismissal of all four claims.

Before turning to the claims individually, the Court first addresses the issue of the various individual MSAD 51 Defendants that Plaintiff has named in his Complaint. As the MSAD 51 Defendants properly assert, to the extent that the Complaint purports to state claims under 42 U.S.C. § 1983 against any individual Defendant in his or her "official capacity," such claims fail because the individually named officials are immune from any official capacity claims under the Eleventh Amendment.[4] See Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment . . . [regardless of] whether the named defendant is the state itself or . . . a state official in [his or] her official capacity." (citation and internal quotation marks omitted)). Given that immunity, the Court proceeds to consider whether Plaintiff's Complaint states any plausible claim against the MSAD 51 School Board, as well as Defendants Porter and Maksymowicz, in their personal capacities.

### A. Count I

In Count I, Plaintiff alleges that his Fourth Amendment right against unreasonable seizure was violated when "Defendant Rumsey wrongfully summoned Plaintiff for attempting to peacefully utilize his rights under the First Amendment." (Compl., PageID # 13.) At the outset,

---

[4] Moreover, the Court agrees with the MSAD 51 Defendant that Plaintiff has not properly asserted any individual capacity claims against any unnamed MSAD 51 School Board Members who have not been individually served. On that basis alone, the Court would dismiss the Complaint as to the "MSAD 51 School Board Members in their personal and professional capacities." Compl., PageID #s 1-2.

the Court notes that service of a summons alone does not effect a seizure under the Fourth Amendment.  See Britton v. Maloney, 196 F.3d 24, 29-30 (1st Cir. 1999).  However, a liberal reading of the Complaint, which this Court affords Plaintiff as a *pro se* litigant, points to separate allegations that involve an arrest.  However, there are no plausible allegations that support the requisite "causal connection" between any seizure Doyle experienced and the conduct of one or more of the MSAD 51 Defendants.[5]  See Garcia-Gonzalez v. Puig-Morales, 761 F.3d 81, 87 (1st Cir. 2014) ("There must be a causal connection between the defendant's conduct and the alleged deprivation: only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." (cleaned up)).  Thus, the Court finds that Count I fails to state a claim as to any of the MSAD 51 Defendants.

## B.  Count II

In Count II, Plaintiff alleges that he was denied due process in violation of the Fifth and Fourteenth Amendments.  As with Count I, the Court cannot discern any factual allegations tying one or more the MSAD 51 Defendants to this alleged deprivation.  Rather, Plaintiff again refers to Chief Rumsey, the Town of Cumberland, and the officer that purportedly effectuated his arrest.[6]  Without delving into whether the Complaint states any plausible deprivation of procedural due

---

[5] In opposing the Motion to Dismiss, Plaintiff alleges that the "Cumberland Police were a tool of the MSAD # 51 Defendants."  Pl. Response (ECF No. 7), PageID # 49.  Even assuming that the Court considers this allegation part of Plaintiff's Complaint, the Court declines to find a plausible causal connection that would sustain this claim as to the MSAD 51 Defendants.  Simply put, this implausible allegation might be viewed as what motivated the alleged deprivation Plaintiff claims, but it does not plausibly allege that the MSAD 51 Defendants participated in an unconstitutional seizure of Plaintiff.

[6] The Court acknowledges the Complaint does allege action by an unnamed "school custodian" who allegedly removed Doyle's sign from a school fence while "under the supervision of a Cumberland police officer."  Compl., PageID # 17.  However, the Complaint does not allege that any directive or action by a named MSAD 51 Defendant prompted the custodian's alleged actions.

5

process or substantive due process, the Court readily concludes that Count II fails to state a plausible claim against any of the MSAD 51 Defendants.

### C.  Count III

As for Count III, the Court agrees with the MSAD 51 Defendants that this portion of Plaintiff's Complaint can, at best, be liberally construed to state a claim for intentional infliction of emotional distress under Maine law.  (See Defs. Mot., PageID # 39.)  Moreover, the Court also agrees that such a construction of Count III would require Plaintiff to comply with the notice requirements of the Maine Tort Claims Act ("MTCA"), 14 M.R.S.A. §§ 8101-8118.  These notice provisions require the service of a notice within 365 days of the claim accruing, as well as 120 days for the governmental entity to review the notice received.  See 14 M.R.S.A. §§ 8107 & 8108. "Absent compliance with the MTCA's notice of claim provisions, this Court lacks jurisdiction to entertain [Plaintiff]'s tort claims against any of the Defendants."  Merrill v. Maine, No. 2:19-CV-00391-JDL, 2020 WL 6940913, at *17 (D. Me. Nov. 25, 2020).[7]

### D.  Count IV

In Count IV, Plaintiff pleads malicious prosecution under 42 U.S.C. § 1983.  To survive a motion to dismiss, this claim must plausibly allege that the named "defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor."  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (quoting Evans v. Chalmers, 703 F.3d 636, 647 (1st Cir. 2012)); see Pagán-González v. Moreno, 919 F.3d 582, 602 (1st Cir. 2019) (affirming dismissal of malicious prosecution claim based on defendants' qualified immunity).  Here, the only arguable seizure alleged in Plaintiff's

---

[7] Even if Plaintiff were to cure his failure to comply with the MTCA notice requirements, the Court concurs with the MSAD 51 Defendants that the "Plaintiff's Complaint is devoid of any factual allegation about the MSAD 51 Defendants' conduct that remotely supports his IIED claim" as to these Defendants.  Defs. Mot., PageID # 40.

Complaint is his arrest by the local police.  In his Complaint, he acknowledges that the arrest occurred after he attempted to attend a MSAD 51 School Board meeting on school grounds despite having received "a criminal trespass warning."  (Compl., PageID # 7.)  This factual scenario does not plausibly suggest that any of the MSAD 51 Defendants caused a seizure of Doyle without probable cause.  Rather, it appears that the officers had probable cause to arrest Doyle for violating a trespass warning.  The Court additionally notes that the Complaint contains no allegations regarding how any trespass proceedings following Doyle's arrest terminated.

Thus, the Court concludes that Plaintiff has failed to plead a plausible claim against the MSAD 51 Defendants in Count IV.

### E.  First Amendment Retaliation

Finally, acknowledging that Plaintiff's *pro se* Complaint indicates that his case "mirrors the Lozman v. Riviera Beach, FL decision by SCOTUS" (Compl., PageID # 6), the MSAD 51 Defendants argue that the Court should also conclude that even a liberal view of the Complaint would not support a plausible claim of First Amendment retaliation.  (See Defs. Mot., PageID # 44-45.)

In Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018), the Supreme Court acknowledged that the right to petition and make public comments regarding government officials is "high in the hierarchy of First Amendment values."  Id. at 1954-55.  As a result, the Supreme Court held that "the conceded existence of probable cause" did not foreclose Lozman's claim that he was arrested as part of a municipal policy of retaliation for exercising his First Amendment rights.  Id. at 1952 & 1955.  As the MSAD 51 Defendants point out, the Supreme Court has since revisited Lozman.  (See Defs. Mot., PageID # 44 n.12.)  In Nieves v. Bartlett, 139 S. Ct 1715 (2019), which the Supreme Court characterized as "a more representative case," the Court held

that "probable cause should generally defeat a retaliatory arrest claim" with an exception for plaintiffs who can "present[] objective evidence that . . . similarly situated individuals not engaged in the same sort of protected speech" were not arrested despite probable cause.  Id. at 1722, 1727.

Here, there are no plausible allegations of an official policy that would subject any MSAD 51 entity to liability for First Amendment retaliation.  See Lozman, 138 S. Ct. at 1951 ("It is well established that in a § 1983 case a . . . local governmental entity cannot be subject to liability at all unless the harm was caused in the implementation of 'official municipal policy.'" (citation omitted)).  Thus, the Court declines to find that Plaintiff's reference to Lozman in his Complaint should be read to state a plausible claim for First Amendment retaliation as to any MSAD 51 Defendant.

## IV.   CONCLUSION

For the reasons just given, the Court GRANTS the Motion to Dismiss (ECF No. 6) and hereby DISMISSES this matter as to all of the MSAD 51 Defendants.

Additionally, having just discussed a number of the deficiencies in Plaintiff's Complaint, the Court notes that this case is not Doyle's first case here in the District of Maine.[8]  Most recently, Doyle received a Cok[9] warning from Judge Walker.  (See 06/24/21 Order Dismissing Case (ECF No. 2 in State of Maine v. Doyle, D. Me. Docket No. 2:21-cv-00163-LEW).)  The Court reiterates that warning against frivolous filings; such filings unnecessarily delay the resolution of matters on

---

[8] Doyle has had six prior *pro se* cases dismissed in the District of Maine: (1) Doyle v. Falmouth et al. (Docket No. 2:14-cv-00259-JDL); (2) Doyle v. State of Maine et al. (Docket No. 2:15-cv-00078-JAW); (3) Doyle v. Town of Scarborough et al. (Docket No. 2:15-cv-00227-JAW); (4) Doyle v. Falmouth Town Council et al. (Docket No. 2:16-cv-00215-JDL); (5) Doyle v. Town of Falmouth (Docket No. 2:19-cv-00229-NT); and (6) State of Maine v. Doyle (Docket No. 2:21-cv-00163-LEW).

[9] Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) (explaining that "[f]ederal courts plainly possess discretionary powers to regulate the conduct of abusive litigants," including the power to issue injunctions restricting those litigants' court access).

the merits and waste judicial resources. Thus, the Court hereby WARNS Doyle that any further frivolous filings will result in this Court placing him on restricted filer status.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 29th day of August, 2022.