UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. DOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:22-cv-00127-GZS |
| | ) |
| CHARLES RUMSEY, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER ON MOTION TO DISMISS**

Before the Court is the Motion to Dismiss or for Judgment on the Pleadings filed by Defendants Charles Rumsey,[1] Town of Cumberland, and Town Council of Cumberland, Maine (together, the "Town Defendants") (ECF No. 31). Having considered the parties' submissions made in connection with the Motion (ECF Nos. 32-35, 37), the Motion is GRANTED.

**I.      LEGAL STANDARD**

When reviewing a motion to dismiss a *pro se* complaint, the Court is required to "interpret the *pro se* complaint liberally." Sause v. Bauer, 138 S. Ct. 2561, 2563 (2018). Nonetheless, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In evaluating whether a complaint states a plausible claim, [the Court] perform[s] [a] two-step analysis." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (internal quotation marks omitted) (quoting Cardigan Mtn. Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)). First, the

---

[1] As noted in Defendants' Motion, while Plaintiff's Complaint refers to "Rummsey," the correct spelling is "Rumsey." See Town Defs. Mot. (ECF No. 31), PageID # 154 n.1. The Court uses the correct spelling throughout this Order.

Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. University of P.R., 676 F.3d 220, 224 (1st Cir. 2012) (citing Iqbal, 556 U.S. at 678). Second, the Court "must determine whether the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). "This standard is 'not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Saldivar, 818 F.3d at 18 (quoting Iqbal, 556 U.S. at 678). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Squeri v. Mount Ida Coll., 954 F.3d 56, 66 (1st Cir. 2020) (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "bears a strong family resemblance to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Kando v. Rhode Island State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018). In addition to the factual allegations in the complaint, the Court may consider "facts drawn from documents fairly incorporated in the pleadings and facts susceptible to judicial notice." Sevelitte v. Guardian Life Ins. Co. of Am., 55 F.4th 71, 76 (1st Cir. 2022) (cleaned up).

In accordance with this standard, the Court describes the relevant allegations gleaned from Plaintiff's *pro se* Complaint and the incorporated documents in the following section.

**II.    THE COMPLAINT**

In 2020, Plaintiff Michael Doyle, who identifies himself as a reporter and a veteran, attended a school board meeting of the Maine School Administrative District # 51 ("MSAD 51") and "used his public forum time" to recite the Pledge of Allegiance. (Compl. (ECF No. 1), PageID

#s 5 & 7.) MSAD 51 School Board Member Ann Maksymowicz "chose to remain seated," which Doyle found "insulting and conspicuously offensive." (Id., PageID # 5.)

In response, Doyle designed and posted a sign opposing Maksymowicz's reelection. Maksymowicz thereafter replicated the format of Doyle's sign and "converted it to a sign supporting her reelection." (Id.) Doyle also placed a sign "on the school fence" where another sign supporting the MSAD 51 School Board had been hung. (Id., PageID # 7.) Doyle's sign was removed by an MSAD 51 employee. (Id., PageID # 17.) Thereafter, on May 15, 2021, Doyle received a criminal trespass warning from the Cumberland Police Department. (Id., PageID # 7; Town Defs. Ex. A (ECF No. 32).) As noted on the warning, Doyle was not allowed to enter any MSAD 51 property "unless prior authorization [was] obtained from Mr. Porter," the Superintendent of MSAD 51. (Town Defs. Ex. A.)

Doyle then attempted to attend a public MSAD 51 School Board meeting. (Id., PageID # 7.) He was "immediately arrested and yanked by his left arm . . . while handcuffed." (Id.; see id., PageID # 17 (asserting Doyle was "drag[ged] out of a School Board meeting" by "Sgt. LaChance").) During this arrest, Doyle, who already had a stent, suffered a cardiac episode that required him to be rushed to the hospital, resulting in various medical expenses. (Id., PageID # 7.)

At some point after Maksymowicz had parodied Doyle's sign opposing her reelection, Doyle stated a prediction "that something of Ann's will be stolen and destroyed so that she can't get it back." (Id., PageID # 5.) On February 22, 2022, the local Chief of Police, Charles Rumsey, served Doyle with a summons for harassment of Maksymowicz in violation of 17-A M.R.S.A. § 506-A. (Id., PageID # 4.) Beyond this specific allegation, Doyle also claims that the Cumberland Police Department fingerprinted him twice and served him with a notice barring him from school grounds

3

because of "a series of complaints" by Maksymowicz. (Id., PageID # 7.) According to Doyle, the notice "was subsequently withdrawn by the Chief and cancelled by email." (Id., PageID # 8.)

## III. DISCUSSION

Plaintiff's Complaint presses four counts as to the Town Defendants: (1) "Violation of Plaintiff's 4th Amendment Rights," which references the summons he received; (2) "Violation of Plaintiff's . . . 5th and 14th Amendment Rights," under which Doyle asserts a deprivation of due process associated with the removal of his sign from the school fence as well as his other police contacts; (3) "Intentional Infliction of Emotional Distress," which references the incident in which Doyle was handcuffed and then required emergency medical care; and (4) "Malicious Prosecution." (Id., PageID #s 8-20.) The Town Defendants seek dismissal, or alternatively judgment on the pleadings, as to all four claims.

### A. Count I

In Count I, Plaintiff alleges that his Fourth Amendment right against unreasonable seizure was violated when "Defendant Rumsey wrongfully summoned Plaintiff for attempting to peacefully utilize his rights under the First Amendment." (Compl., PageID # 13.) However, service of a summons alone does not effect a seizure under the Fourth Amendment. See Britton v. Maloney, 196 F.3d 24, 29-30 (1st Cir. 1999). Nevertheless, a liberal reading of the Complaint, which this Court affords Plaintiff as a *pro se* litigant, points to separate allegations involving an arrest.

Generally, "[a] warrantless arrest by a law enforcement officer is a reasonable seizure under the Fourth Amendment 'where there is probable cause to believe that a criminal offense has been or is being committed.'" French v. Merrill, 15 F.4th 116, 124 (1st Cir. 2021) (quoting Devenpeck v. Alford, 543 U.S. 146, 152 (2004)). "Probable cause exists when police officers, relying on reasonably trustworthy facts and circumstances, have information upon which a

4

reasonably prudent person would believe the suspect had committed or was committing a crime." Charron v. Cnty. of York, 49 F.4th 608, 615-16 (1st Cir. 2022) (citation and internal quotation marks omitted). Thus, to survive the pending motion, Plaintiff must plausibly allege that he was arrested without probable cause.

Here, Doyle's arrest occurred after he entered a MSAD 51 building to attend a board meeting. Because he had previously received a criminal trespass warning regarding MSAD 51 property, any officer who saw him on MSAD 51 grounds would have had probable cause to believe that he was engaged in a criminal trespass. See 17-A M.R.S.A. § 402(1)(E) ("A person is guilty of criminal trespass if . . . that person . . . [e]nters any place in defiance of a lawful order not to enter that was personally communicated to that person by the owner or another authorized person."). In short, Count I does not allege a plausible claim against any Town Defendant related to either a summons or the arrest described in the Complaint.

### B. Count II

In Count II, Plaintiff alleges that he was denied due process in violation of the Fifth and Fourteenth Amendments. More specifically, he asserts a "right to be free from summons for harassment absent probable cause" and that the Town Defendants "failed to provide training to its police officers, generally, on the elements and recent changes in Maine law regarding harassment." (Compl., PageID #s 14 & 16.)

To the extent that Plaintiff invokes his due process rights under the Fifth Amendment, Count II fails to state a viable claim as to the Town Defendants since they are not federal actors. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007) ("The Fifth Amendment Due Process Clause . . . applies only to actions of the federal government—not to those of state or local governments.'" (citation omitted)); Doyle v. Falmouth Police Dep't, No. 2:14-CV-259-JDL,

5

2015 WL 470715, at *5 (D. Me. Feb. 4, 2015) (citing Martínez–Rivera and explaining that "the protections of the Fifth Amendment Due Process Clause do not apply to the actions of state or local governments"). To the extent that Count II attempts to state a substantive due process claim under the Fourteenth Amendment, it similarly fails as a matter of law. "[B]ecause the Fourth Amendment protects against seizures of the person, a § 1983 claim for pretrial deprivation of liberty is properly analyzed under the framework of the Fourth Amendment, rather than substantive due process" under the Fourteenth Amendment. Doyle, 2015 WL 470715, at *6. Thus, Count II does not state a viable substantive due process violation under the Fourteenth Amendment.

The Court similarly fails to discern any plausible claim for a procedural due process violation. "To establish a procedural due process violation, a plaintiff must show that they were deprived of a protected liberty or property interest and that the attendant procedures available to them did not constitute due process." Id. at *5 (citing García–González v. Puig–Morales, 761 F.3d 81, 88 (1st Cir. 2014)). Plaintiff's Complaint asserts a liberty interest associated with not being summonsed for harassment. But, there are no asserted factual allegations related to "any post-deprivation process available to him, or its inadequacy." Id.; see, e.g., Spencer v. Doran, No. 18-CV-1191-LM, 2020 WL 4904826, at *8 (D.N.H. Aug. 20, 2020) ("[T]o establish the second prong of a procedural due process claim (that the deprivation occurred without constitutionally adequate process), plaintiffs must at least describe the process afforded to them in relation to the alleged deprivation, and identify the failings of that process or describe the process that was due to them . . . ." (citations omitted)). In short, the Court concludes that Count II fails to state any plausible due process claim against the Town Defendants.[2]

---

[2] The Court additionally concludes that Plaintiff's failure-to-train theory is implausible given the lack of any allegation of a pattern of violations or any other factual allegations that could support a finding of deliberate indifference. See,

C.  **Count III**

As for Count III, this portion of Plaintiff's Complaint can, at best, be liberally construed to state a claim for intentional infliction of emotional distress under Maine law.  As Town Defendants correctly argue in their Motion, to bring such a claim, Plaintiff must comply with the notice requirements of the Maine Tort Claims Act ("MTCA"), 14 M.R.S.A. §§ 8101-8118.  (See Town Defs. Mot. (ECF No. 31), PageID # 165.)  MTCA's notice provisions require the service of a notice within 365 days of the claim's accrual, as well as 120 days for the governmental entity to review the notice received.  See 14 M.R.S.A. §§ 8107 & 8108.  "Absent compliance with the MTCA's notice of claim provisions, this Court lacks jurisdiction to entertain [Plaintiff]'s tort claims against any of the [Town] Defendants."  Merrill v. Maine, No. 2:19-CV-00391-JDL, 2020 WL 6940913, at *17 (D. Me. Nov. 25, 2020).[3]

D.  **Count IV**

In Count IV, Plaintiff pleads malicious prosecution under 42 U.S.C. § 1983.  To survive a motion to dismiss, this claim must plausibly allege that the named "defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor."  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (quoting Evans v. Chalmers, 703 F.3d 636, 647 (1st Cir. 2012)); see Pagán-González v. Moreno, 919 F.3d 582, 602 (1st Cir. 2019) (affirming dismissal of malicious prosecution claim

---

e.g., Dunnigan v. York Cnty., No. 2:19-CV-00450-GZS, 2023 WL 2477904, at *10-*13 (D. Me. Mar. 13, 2023) (granting summary judgment on a failure-to-train claim under 42 U.S.C. § 1983); Lane v. City of Rockland, No. 2:22-CV-00058-JAW, 2023 WL 1319566, at *3-*6 (D. Me. Jan. 31, 2023), report and recommendation adopted, No. 2:22-CV-00058-JAW, 2023 WL 2326247 (D. Me. Mar. 2, 2023) (granting a motion to dismiss upon finding that complaint failed to plausibly allege deliberate indifference or any affirmative link between the failure to train and the alleged constitutional violation by the officer).

[3] Even if Plaintiff could cure his failure to comply with the MTCA notice requirements, the Court concurs with the Town Defendants that "the Complaint fails to allege a plausible [intentional infliction of emotional distress] claim" for the reasons delineated in their Motion.  Town Defs. Mot., PageID #s 165-66.

based on defendants' qualified immunity).  Here, Plaintiff alleges an arrest that occurred after he attempted to attend a MSAD 51 School Board meeting on school grounds despite having received "a criminal trespass warning."  (Compl., PageID # 7.)  This factual scenario does not plausibly suggest that any of the Town Defendants caused a seizure of Plaintiff without probable cause.  Rather, it appears that the officers had probable cause to arrest Doyle for violating a trespass warning.  The Court additionally notes that the Complaint contains no allegations regarding how any trespass proceedings following Doyle's arrest terminated.  Thus, the Court concludes that Plaintiff has failed to plead a plausible claim against the Town Defendants in Count IV.

### E. First Amendment Retaliation

Acknowledging that Plaintiff's *pro se* Complaint indicates that his case "mirrors the Lozman v. Riviera Beach, FL decision by SCOTUS" (Compl., PageID # 6), the Town Defendants additionally argue that the Court should also conclude that even a liberal view of the Complaint would not support a plausible claim of First Amendment retaliation.  (See Town Defs. Mot., PageID #s 166-67.)

In Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018), the Supreme Court acknowledged that the right to petition and make public comments regarding government officials is "high in the hierarchy of First Amendment values." Id. at 1954-55.  As a result, the Supreme Court held that "the conceded existence of probable cause" did not foreclose Lozman's claim that he was arrested as part of a municipal policy of retaliation for exercising his First Amendment rights. Id. at 1952 & 1955.  The Supreme Court revisited Lozman in Nieves v. Bartlett, 139 S. Ct. 1715 (2019).  In Nieves, the Court held that "probable cause should generally defeat a retaliatory arrest claim" with an exception for a plaintiff who "presents objective evidence that he was arrested when . . . similarly situated individuals . . . had not been." 139 S. Ct. at 1722, 1727.  Here, as

8

noted previously, Plaintiff's arrest for criminal trespass appears to have been supported by probable cause. Additionally, the Complaint does not allege that similarly situated individuals (i.e., persons who received criminal trespass warnings and thereafter attempted to attend public meetings without prior authorizations) were not arrested.[4] Plaintiff's alleged arrest for criminal trespass therefore fails to provide a plausible basis for First Amendment retaliation.

Likewise, there are no plausible allegations of an official municipal policy that would subject the Town Defendants to liability for First Amendment retaliation. See Lozman, 138 S. Ct. at 1951 ("It is well established that in a § 1983 case a . . . local governmental entity cannot be subject to liability at all unless the harm was caused in the implementation of 'official municipal policy.'" (citation omitted)). Thus, the Court declines to find that Plaintiff's reference to Lozman in his Complaint supports a plausible claim for First Amendment retaliation as to any of the Town Defendants.

**F. Insufficient Service of Process as to the Town Council Defendants**

The Town Defendants present one additional argument in accordance with Federal Rule of Civil Procedure 12(b)(5): To the extent Plaintiff's Complaint pleads claims against "the Town Council of Cumberland Maine in their personal and professional capacities," the Town Defendants assert that Plaintiff has failed to properly serve any member of the Town Council. (Compl., PageID # 1; see Town Defs. Mot., PageID #s 157-60.) Given the Court's findings that all of the Town Defendants are entitled to judgment on the pleadings, the Court does not reach this alternative argument for dismissal at to the individual members of the Town Council.

---

[4] Additionally, to the extent Plaintiff's Complaint alleges a First Amendment retaliation claim based on the summons he allegedly received for a violation of 17-A M.R.S.A § 506-A, the Court fails to see how the factual allegations support this theory. Rather, the Court concurs with Town Defendants that Childs v. Ballou, 148 A.3d 291 (Me. 2016) makes clear that "conduct amounting to criminal harassment" under 10-A M.R.S.A. § 506-A(1) is not protected by the First Amendment. See Town Defs. Mot. PageID # 166-67. Plaintiff's Complaint therefore fails to factually allege specific comments that would make his harassment summons fall outside the realm of Childs and Nieves.

## IV. CONCLUSION

For the reasons just given, the Court GRANTS the Motion to Dismiss (ECF No. 31) and hereby DISMISSES this matter as to all of the Town Defendants.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 10th day of April, 2023.